USDC SCAN INDEX SHEET










ANDY 4/1/03 15:44

3:02-CV-01956 MADRIDCO V. ARROW FINANCIAL SVCS

*41*

*O.*

FILED
03 APR -1 AM 10:41
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARIA L. MADRICO, TRAVIS TROMBLEY, and SHANTEL K. CULVER, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

ARROW FINANCIAL SERVICES, LLC, a Delaware limited liability company; RONALD E. LAVIN, an individual; BRIAN CUTLER, an individual; and MARK J. CAVIN, an individual,

Defendants.

CASE NO. 02-CV-1956-K (LAB)

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO FILE AMENDED ANSWERS.

On February 24, 2003, defendants, Arrow Financial Services, LLC, Ronald E. Lavin, Brian Cutler, and Mark J. Cavin, filed the instant motion for leave to file amended answers. Plaintiffs filed an opposition to the motion on March 10, 2003. Defendants filed a reply on March 17, 2003. All parties proceed through counsel. This court has jurisdiction because this action was brought pursuant to the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*



## I. Background

The following is based on the parties' pleadings and papers and should not be construed as findings of fact by the court.

Defendant Arrow Financial Services, LLC ("Arrow") is a collection agency, incorporated in Delaware and headquartered in Illinois. See plaintiffs' opposition to motion for leave to amend answer ("plaintiff's opposition") at 2. Defendants Lavin, Cutler, and Cavin ("individual defendants") are officers and management employees of Arrow. See id. Arrow has call centers in California, Illinois, Wisconsin, and Maryland. See id. at 1. The three named plaintiffs are citizens of California, Massachusetts, and North Carolina. See id. at 2.

According to plaintiffs, defendant Arrow "runs a nationwide operation involving billions of dollars in consumer receivables it has purchased from credit card issuers, department stores, etc." Id. at 1. Specifically, plaintiffs claim that defendant Arrow trained their collectors to use harassing and abusive tactics, engage in deception, ignore legal disclosure requirements, and ignore other legal limitations on contact with debtors. See id. at 2-3. Plaintiffs also claim that Arrow added interest to debtors' accounts in violation of federal law. See id. at 3. Based on these allegations of illegal collection practices, plaintiffs filed the instant suit, on behalf of themselves and others similarly situated, pursuant to the federal Fair Debt Collections Practices Act and California and Maryland's electronic privacy acts. See id. at 2-4.

All defendants ask for leave to amend their answers to plaintiffs' complaint. See defendant's motion for leave to amend at 1. Arrow filed its answer on October 23, 2002, and the individual defendants filed their answer on November 15, 2002. See docket doc. no. 4 & no. 9. Specifically, defendants seek to amend their answers to include: (1) statutory affirmative defenses, and (2) counterclaims against the named plaintiffs. See defendants' motion for leave to amend at 2-3. Defendant Arrow also seeks a ruling from the court that it may file counterclaims against putative class members in the event of class certification. See id. at 3.

///

///

## II. Statutory Affirmative Defenses

### A. Applicable Law

Rule 15(a) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Whether to grant such leave rests within the sound discretion of the district court. See International Ass'n of Machinists & Aerospace Workers, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion permits amendments with "extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

As Rule 15 favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. See Genentech v. Abbott Laboratories, 127 F.R.D. 529 (N.D.Cal. 1989). The non-movant must show at least one of the following factors: (1) bad faith; (2) undue delay; (3) prejudice to the nonmoving party; (4) futility of amendment; or (5) repeated opportunities to amend. See Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

### B. Discussion

Defendants ask the court for leave to amend so that they can plead statutory affirmative defenses. See defendant's motion for leave to amend at 2. Plaintiffs counter that they are not opposed to allowing defendants leave to amend as long as the amended answers are not filed in bad faith. See plaintiff's opposition at 5. However, according to plaintiffs, some of defendants' averments made in their proposed amended answers are contradicted by admissions from persons already deposed by the parties. See id. at 5-7. Based on these contradictions, plaintiffs contend that defendants' amended answers are made in bad faith. See id. at 7.

As plaintiffs do not oppose leave to amend for addition of statutory affirmative defenses, defendants should be allowed to amend their answers for this purpose. Although plaintiffs complain about defendants' bad faith in seeking to amend their answers, plaintiffs' ultimate position is that the leave should be granted "if defense counsel is willing to stand behind them." Id. There is no indication from defense counsel in their reply to plaintiffs' opposition that they are not willing to stand behind the amended answers. Based on the foregoing and Ninth Circuit policy that leave to amend should be granted with extreme liberality, the court **GRANTS** defendants'

motion for leave to amend their answers with statutory affirmative defenses.

## III. Counterclaims

Defendant Arrow asks for leave to amend in order to file counterclaims against named plaintiffs Travis Trombley and Shantel K. Culver, alleging that these plaintiffs owe Arrow common law debts. See defendant's motion for leave to amend at 2. See id. Arrow states that it did not file these counterclaims in its first answer because it only became aware of money due from these plaintiffs during discovery that occurred after it filed the first answer. See id. Arrow also asks for future leave to file counterclaims against class plaintiffs in the event that a class is certified.

### A. Applicable Law

Under the Federal Rules of Civil Procedure, a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot require jurisdiction." Fed.R.Civ.P. 13(a). The Ninth Circuit, in In re Pinkstaff, 974 F.2d 113 (9th Cir. 1992), interpreted the Rule 13(a) definition of compulsory counterclaims through the logical relationship test. See id. at 115. The logical relationship test determines "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Pochiro v. Prudential Ins. Co. of America, 827 F.d 1246, 1249 (9th Cir. 1987)(quotation omitted).

### B. Parties' Arguments

Plaintiffs contend that Arrow should not be allowed to file counterclaims against them because this court lacks subject matter jurisdiction over Arrow's proposed counterclaims. See plaintiffs' opposition at 7-11. According to plaintiffs, there is no federal question jurisdiction as the counterclaims are common law-based debt collection actions, and there is no diversity

jurisdiction because the counterclaims do not meet the requisite jurisdictional minimum of $75,000. See id. at 10-11 (noting that Arrow seeks $617.20 as to plaintiff Culver and $1,846.15 as to plaintiff Trombley). Thus, plaintiffs argue that the counterclaims must be compulsory for this court to have jurisdiction but there is no jurisdiction because the counterclaims are permissive. See id. at 9-10, citing Hart v. Clayton-Parker and Assoc., Inc., 869 F.Supp. 774 (D.Az 1994) (holding that where plaintiff filed federal action under the FDCPA, counterclaim for debt owed by plaintiff was permissive counterclaim over which district court had no jurisdiction).

Arrow replies that the proposed counterclaims are compulsory. See Arrow's reply to plaintiffs' opposition at 2. According to this defendant, the Ninth Circuit indicated in a similar context that debt counterclaims are compulsory. See id., citing Palmer v. Wilson, 502 F.2d 860, 863 (9th Cir. 1974) (Thompson, J., concurrence), and Rodriguez v. Family Publications Service, Inc., 57 F.R.D. 189, 193 (C.D. Cal. 1972) (in both actions, underlying claims by plaintiffs were alleged pursuant to the Truth-in-Lending Act). Arrow also raises the Fifth Circuit decision, Plant v. Blazer Financial Services, Inc. of Georgia, 598 F.2d 1357 (5th Cir. 1979), in support of its argument. See Arrow's reply to plaintiffs' opposition at 5, citing Plant, 598 F.2d at 1364 (in a Truth-in-Lending action, court held that a debt counterclaim was compulsory). Moreover, defendant Arrow argues that this court has jurisdiction regardless of whether the proposed counterclaims are determined to be compulsory or permissive, because 28 U.S.C. § 1367 allows federal courts supplemental jurisdiction over permissive counterclaims. See Arrow's reply to plaintiffs' opposition at 7, citing Channell v. Citicorp Nat'l Services, Inc., 89 F.3d 379 (7th Cir. 1996). Finally, defendant Arrow argues this court has subject matter jurisdiction over the proposed counterclaims, even if they are permissive, because the counterclaims are defensive set-offs and district courts have jurisdiction over set-offs. See Arrow's reply to plaintiffs' opposition at 8, quoting Allapattah Services, Inc. v. Exxon Corp., 157 F.Supp.2d 1291, 1322 (S.D. Fla. 2001).

### C. Discussion

### (i) Compulsory versus Permissive Counterclaims

The Ninth Circuit does not seem to have addressed the issue of compulsory versus

permissive counterclaims in FDCPA actions. Palmer, supra, 502 F.2d, the only Ninth Circuit Appellate Court case provided by Arrow as support for its compulsory counterclaim argument, is distinguishable from the instant action because the Palmer case involved the Truth-in-Lending Act and not the Fair Debt Collection Practices Act, the federal statutory basis for the instant case. Moreover, the one-sentence statement about compulsory counterclaims in Palmer was conclusory and not controlling on this court as that statement was parenthetical dicta provided in a concurrence to the main body of the Ninth Circuit's opinion. See id. at 863 (concurrence by District Judge Thompson).

As there is no controlling law in the Ninth Circuit, this court takes guidance from the court in Hart v. Clayton-Parker and Assoc., Inc., 869 F.Supp. 774 (D. Az. 1994), that held that a debt counterclaim to a FDCPA action is discretionary. Hart is the only Ninth Circuit district court case discussed by the parties that directly considers this counterclaim issue. See id. In making its holding, the Hart court specifically declined to follow the reasoning in Plant, supra, 598 F.2d 1357, the Fifth Circuit decision that defendant Arrow cites lengthily for the proposition that a debt counterclaim is logically related to the underlying Truth-in-Lending Act suit and hence compulsory. In part, the Hart court rejected the Fifth Circuit's holding because other circuit courts examining the issue, including the Fourth, Sixth, and Seventh Circuits, concluded that "the nexus between the truth-in-lending violation and debt obligation [was] too abstract or tenuous to regard the claims as logically related" and "thus not subject to the compulsory counterclaim provision of Rule 13(a)." See Hart, 869 F.Supp. at 777 (citations in footnote below).[1] More importantly, however, the Hart court declined to apply Plant to FDCPA actions because "every published decision directly addressing the issue" of counterclaims arising from FDCPA actions held that "lawsuits arising from the underlying contractual debt are *not* compulsory counterclaims." See

---

[1] Here, Hart cites the following cases: Maddox v. Kentucky Finance Co. Inc., 736 F.2d 380, 383-384 (6th Cir. 1984); Valencia v. Anderson Bros. Ford, 617 F.2d 1278, 1292 (7th Cir. 1980), rev'd on other grounds, 452 U.S. 205 (1981); Whigham v. Beneficial Finance Co. of Fayetteville, 599 F.2d 1322 (4th Cir. 1979); Brady v. C.F. Schwartz Motor Co., 723 F.Supp. 1045 (D.Del. 1989).

Hart, 869 F.Supp. at 777 (citations in footnote below).[2]

This court finds the Hart court's review of pertinent case law persuasive. Defendant Arrow had opportunity in its reply to provide arguments or case law countering the Hart court's reasons for rejecting the Plant decision. However, defendant Arrow fails to explain why this court should follow the Fifth Circuit's reasoning in Plant, where apparently that holding is contrary to the majority of opinions among federal appellate courts. Defendant Arrow also does not explain why this court should follow Plant, a Truth-in-Lending Act case, when no court examining this issue in the FDCPA context has found debt counterclaims to be compulsory. In other words, although Arrow presses this court to follow Plant's reasoning, this defendant fails to cite one FDCPA case in support of its compulsory counterclaim position.

Under the reasoning provided by several federal courts, a debt counterclaim is not logically related to the underlying FDCPA action. The following passage quoted by the Hart court aptly states why Arrow's counterclaim for debt cannot be considered a compulsory counterclaim:

> Although defendant's right to payment from plaintiff is certainly factually linked to the fairness of defendants' collection practices– there being no attempted collection without an alleged debt– a cause of action on the debt arises out of events different from the cause of action for abuse in collecting. The former centers on evidence regarding the existence of a contract, the failure to perform on the contract, or other circumstances leading to the creation of a valid debt. The latter centers on evidence regarding the improprieties and transgressions, as defined by the FDCPA, in the procedures used to collect the debt, regardless of the debt's validity.

Hart, 869 F.Supp. at 777, quoting Ayres v. National Credit Management Corp., supra,1991 WL 66845, at *1. Defendant Arrow contends that its proposed debt counterclaims are logically related to plaintiffs' allegations of unlawful collection practices because "[p]laintiff's allegations necessitate an examination of each account, including the legality of amounts claimed to be due, such as interest." Defendant's reply to plaintiff's opposition at 3. It is unclear to this court why

---

[2] Here, Hart cites the following cases: Peterson v. United Accounts, Inc., 638 F.2d 1134, 1137 (8th Cir. 1981); Ayres v. National Credit Management Corp., 1991 WL 66845, at *4 (E.D.Pa. April 25, 1991); Gutshall v. Bailey and Assocs., 1991 WL 166963, at *2 (N.D.Ill. February 11, 1991); Leatherwood v. Universal Business Service Company, 115 F.R.D. 48, 49 (W.D.N.Y. 1987).

plaintiffs' allegations will necessitate an examination of each plaintiff's account. As clearly explained by the Hart court, a debt counterclaim involves contractual issues between the parties, whereas a FDCPA action centers around alleged improprieties and transgressions mainly involving statutory rather than contractual law. To examine whether Arrow engaged in violations of the FDCPA, it may not be necessary for this court to examine individual debtor accounts as Arrow's own people and papers may provide sufficient evidence of illegal collection activity. Therefore, as Arrow fails to show a logical relationship between its proposed counterclaims and plaintiffs' FDCPA allegations, this court finds that the proposed counterclaims are permissive.

**(ii) Supplemental Jurisdiction**

It is questionable whether this court can exercise supplemental jurisdiction over permissive counterclaims. Defendant Arrow asks this court to follow the holding of Channell v. Citicorp Nat'l Services, Inc., 89 F.3d 379 (7th Cir. 1996), that federal district courts have supplemental jurisdiction over permissive counterclaims under 28 U.S.C. § 1367(a). However, the Seventh Circuit's holding in that case constituted a shift away from the prevailing jurisdictional practice of federal courts. See id. at 384 (stating that "[u]ntil recently it was clear that a permissive counterclaim based on state law requires an independent jurisdictional basis for jurisdiction"), citing e.g., Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n. 1 (1974), Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365 (1978). As of yet, the Ninth Circuit has not adopted the Seventh Circuit's holding.

However, the parties do not dispute that this court can only hear the proposed counterclaims if the court exercises supplemental jurisdiction, as there is no federal question or diversity jurisdiction over Arrow's proposed counterclaims. 28 U.S.C.§ 1367 authorizes district courts to decline to exercise supplemental jurisdiction where:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.§ 1367(c). Under the discretion provided by 28 U.S.C.§ 1367, this court declines to

exercise supplemental jurisdiction over defendant Arrow's proposed counterclaims. Therefore, this court does not find it necessary to resolve the issue of whether Section 1367 allows federal courts to exercise supplemental jurisdiction over permissive counterclaims.

The court declines to allow defendant Arrow permission to file counterclaims against the named class members as well as the putative class members under the second and fourth reasons set forth by Section 1367(c). In the instant action, the alleged unlawful collection practices by Arrow may be common enough so that a class is certified. However, although the class may have common questions as to Arrow's unlawful collection practices, the contractual debt issues among the members of the class, including the named plaintiffs, may vary greatly. Plaintiffs allege that defendant Arrow "runs a nationwide operation involving billions of dollars in consumer receivables it has purchased from credit card issuers, department stores, etc." See plaintiffs' opposition to defendants' motion for leave to amend at 1. As the underlying debt contracts were issued by different lenders, the contractual issues in the counterclaims would differ according to the various contracts issued by lenders. Moreover, issues regarding the existence and performance of a contract, breach, and monetary damages would be specific to each and every named plaintiff and putative class member. In this case, allowing Arrow to file counterclaims against the named plaintiffs and class members would result in the strong likelihood of litigation of the counterclaims predominating over the original FDCPA suit. As well, the difficulties of judicial administration and decision-making over a motley of disparate counterclaims constitutes an exceptional circumstance compelling this court to decline defendant Arrow's request.

Based on the forgoing, the court **DENIES** defendant Arrows' motion for leave to amend in order to file counterclaims against named plaintiffs Trombley and Culver. Moreover, because the issues of predominance and exceptional circumstance would be exacerbated by a putative class that has the potential of being nationwide and very large in number, the court **DENIES** defendant Arrows' motion for future leave to file counterclaims against certified class members.

///

///

///

## IV. Conclusion

For the foregoing reasons, the court **GRANTS** defendants leave to amend their answers in order to assert statutory affirmative defenses. However, the court **DENIES** defendant Arrow leave to amend its answer in order to assert counterclaims against named plaintiffs Trombley and Culver, and also **DENIES** defendant Arrow leave to amend its answer in order to assert counterclaims against putative class members.

**IT IS SO ORDERED.**

3/31/03
Date

**Judge Judith N. Keep**
**United States District Court**
**Southern District of California**

CC: ALL COUNSEL
MAGISTRATE JUDGE LARRY A. BURNS