USDC SCAN INDEX SHEET

















CAG   4/6/04   13:53

3:02-CV-01956   MADRIDCO V. ARROW FINANCIAL SVCS

*171*

*O.*

FILED

04 APR -5 PM 3: 36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA L. MADRIDCO; TRAVIS TROMBLEY, and SHANTEL K. CULVER, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiffs,<br><br>   vs.<br><br>ARROW FINANCIAL SERVICES LLC, a Delaware limited liability company; RONALD E. LAVIN, an individual; BRIAN CUTLER, an individual; and MARK J. CAVIN, an individual,<br><br>                                    Defendants. | CASE NO. 02cv1956 DMS (BLM)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OF SECOND CAUSE OF ACTION**<br><br>[Doc. No. 141] |

On October 9, 2003, Plaintiffs Maria L. Madridco, Shantel K. Culver and Tina Aguirre, individually and on behalf of all others similarly situated, filed a First Amended Complaint against Defendants Arrow Financial Services, LLC, Ronald E. Lavin, Brian Cutler and Mark J. Cavin.  Plaintiffs allege Defendant Arrow violated the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq. and California Penal Code section 632.  Plaintiffs also allege all Defendants violated California Business and Professions Code section 17200 et seq. Plaintiffs seek a determination that their first and second causes of action may be maintained as class actions, statutory damages under the Fair Debt Collection Practices Act ("FDCPA") and California Penal Code section 637.2, injunctive relief and attorney fees and costs.

171

- 1 -

# I.

## PROCEDURAL BACKGROUND[1]

On November 5, 2003, Plaintiffs filed the present motion for class certification of their second cause of action. Defendants filed their opposition to this motion on December 5, 2003, and Plaintiffs filed their reply on December 15, 2003. On December 15, 2003, this Court found the present motion suitable for decision without oral argument.

# II.

## FACTUAL BACKGROUND

Defendant Arrow is a collection agency with four "call centers" in California, Illinois, Wisconsin and Maryland. (First Am. Compl. at 3.) Through those call centers, Arrow attempts to collect on consumer accounts it has purchased from various credit agencies. (*Id.*)

Plaintiffs allege Arrow trains and directs its collectors to use harassing and abusive tactics in violation of the FDCPA. (*Id.* at 3-4.) Plaintiffs also allege Arrow unlawfully records the phone conversations between its collectors and consumers without the consumers knowledge or consent in violation of California's Invasion of Privacy Act. (*Id.* at 5.)

Plaintiff Aguirre lives in Nevada. (*Id.* at 9.) She claims Arrow's San Diego Call Center has used a special software system that enables Arrow to secretly record the conversations between Arrow collectors and consumers located in her home state and thirty-five other states. (*Id.*) Aguirre alleges she is a member of a class of consumers whose telephone conversations with Arrow collectors were recorded without their knowledge or consent. (*Id.* at 10.) She asserts the recorded conversations were "confidential communications" within the meaning of California Penal Code section 632 in that she and the other consumers "had an objectively reasonable expectation that their phone conversations were not being recorded or listened in on by some third person." (*Id.*)

///

///

---

[1] A full procedural background of this case is set out in this Court's recent Order Denying Defendants' Motion to Dismiss.

## III.

## DISCUSSION

Federal Rule of Civil Procedure 23(a) sets forth the following prerequisites to a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Plaintiff bears the burden of establishing these prerequisites. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985)).

In addition to these prerequisites, a plaintiff moving for class certification must also demonstrate one of the following:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of -
>
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>
> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b).

### A.    Numerosity

To support a showing of numerosity, Plaintiffs have provided the Court with evidence that Arrow has tape recorded at least 1,000 phone conversations from collectors in its San

1  Diego Call Center to consumers during the statutory period.  (Decl. of Gary W. Majors in

2  Supp. of Pls.' Mot. for Class Certification of Second Cause of Action ("Majors Decl."), Ex.

3  10 at 139.)  Plaintiffs have also provided the deposition testimony of Brian Cutler, in his

4  capacity as Arrow's 30(b)(6) witness, during which he stated at least 25,000 phone

5  conversations between collectors in Arrow's San Diego Call Center and consumers were tape

6  recorded during the statutory period. (Majors Decl., Ex. 6 at 103.) Defendants do not directly

7  dispute this evidence.  Indeed, they argue "the potential class under the second cause of action

8  is likely to be as large if not larger than the FDCPA class[,]" which potentially numbers in the

9  millions.  (Defs.' Mem. of P. & A. in Supp. of Opp'n to Mot. for Class Certification at 9.)

10  Using any of the numbers mentioned above, joinder of all members of the class would be

11  impracticable.   Accordingly, the Court finds Plaintiffs have satisfied the numerosity

12  requirement.

13  **B.   Commonality**

14  To satisfy the commonality requirement, Plaintiffs must demonstrate "there are

15  questions of law or fact common to the class[.]"  Fed. R. Civ. P. 23(a)(2).  This Rule is

16  construed permissively. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

17  Here, Plaintiffs argue the legal claim of each member of the class is the same: whether

18  the recording of phone conversations without the consent of all parties is a violation of

19  California's Invasion of Privacy Act. Defendants do not dispute this argument. As Plaintiffs

20  correctly point out, all members of the class have the same legal claim  under California's

21  Invasion of Privacy Act.  In light of the permissive construction of this Rule, the Court finds

22  Plaintiffs have satisfied the commonality requirement.

23  **C.   Typicality**

24  Next, Plaintiffs must demonstrate "the claims or defenses of the representative parties

25  are typical of the claims or defenses of the class[.]"  Fed. R. Civ. P. 23(a)(3).   The

26  representative party in this case is Plaintiff Aguirre.  She is a resident of the State of Nevada

27  who has received telephone calls from collectors working for Defendant Arrow, and it is her

28  understanding those collectors were working in Arrow's San Diego Call Center.  (Decl. of

02cv1956

Tina Aguirre in Supp. of Mot. for Class Certification ("Aguirre Decl.") at 1-2.)  Aguirre

declares she was not informed that her conversations with Arrow collectors were being

recorded, and she did not consent to recording of those conversations. (*Id.* at 2.)  Aguirre's

claim is typical of the claims of the class.  Accordingly, the Court finds Plaintiffs have satisfied

the typicality requirement.

**D.    Adequacy of Representation**

The final prerequisite under Rule 23(a) requires a showing "the representative parties

will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "To

determine whether the representation meets this standard, we ask two questions: (1) Do the

representative plaintiffs and their counsel have any conflicts of interest with other class

members, and (2) will the representative plaintiffs and their counsel prosecute the action

vigorously on behalf of the class?"  *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)

(citations omitted).

Defendants assert Plaintiff Aguirre's interests are antagonistic to those of other putative

class members because she claims to want to help individuals who do not have a claim against

Arrow.  (Defs.' Mem. of P. & A. in Supp. of Opp'n to Mot. for Class Certification at 6.)  The

basis for this argument is the following statement in Aguirre's declaration:  "I am eager to do

whatever I can to help Ms. Madridco and the other plaintiffs and the thousands of consumers

they represent."  (Aguirre Decl. at 2.)

The Court disagrees with Defendants assertion that this statement indicates Aguirre has

a conflict of interest.  That Aguirre wants to help Ms. Madridco, whose claim against Arrow

has been precluded by this Court on summary judgment, does not amount to a conflict of

interest.  There is simply nothing in this statement, or elsewhere in Aguirre's declaration, that

demonstrates she has a conflict with other class members.

Furthermore, there is no evidence Aguirre and her counsel will not vigorously prosecute

this action on behalf of the class.  Plaintiffs' counsel has served as lead counsel in "at least a

dozen different consumer class actions[,]" and claims to have received "what is believed to be

the largest jury verdict ever rendered against a vocational school chain." (Majors Decl. at 2-3.)

1   In light of the above, the Court finds Plaintiffs have established they and their counsel will

2   adequately represent the class in this action.

3           **E.      Predominance and Superiority**

4           Having demonstrated the prerequisites for a class action under Rule 23(a), Plaintiffs

5   must now show this action is maintainable under Rule 23(b).  Plaintiffs argue they have met

6   the standard of Rule 23(b)(1), but focus their argument on subsection (3).  To prevail under

7   Rule 23(b)(3), Plaintiffs must demonstrate "that the questions of law or fact common to the

8   members of the class predominate over any questions affecting only individual members, and

9   that a class action is superior to other available methods for the fair and efficient adjudication

10  of the controversy."  Fed. R. Civ. P. 23(b)(3).  The predominance inquiry "'tests whether

11  proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Hanlon*,

12  150 F.3d at 1022 (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)).

13  Superiority may be established "'whenever the actual interests of the parties can be served best

14  by settling their differences in a single action.'"  *Hanlon*, 150 F.3d at 1022 (quoting 7A

15  Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* §

16  1777 (2d ed. 1986)).

17          The proposed class in this case is all consumers who have received phone calls from

18  collectors working in Arrow's San Diego Call Center and whose phone conversations with

19  those collectors were secretly recorded within the statutory period.  Defendants argue that

20  individual determinations about whether these consumers had a reasonable expectation of

21  privacy in those conversations "overwhelm" the common issues in this case. (Defs.' Mem. of

22  P. & A. in Supp. of Opp'n to Mot. for Class Certification at 8.)  However, this limited inquiry

23  does not predominate over the common issues of fact and law.  The facts giving rise to the

24  individual claims are the same: Collectors in Arrow's San Diego Call Center placed telephone

25  calls to consumers whose conversations were secretly recorded.  Furthermore, the legal basis

26  for these claims, California Penal Code sections 632 and 637.2, is the same.  Contrary to

27  Defendants' argument, these common issues of fact and law predominate over the issue of

28  ///

1    whether the individual class members had a reasonable expectation of privacy in the secretly

2    recorded conversations.

3         Defendants' other argument against a finding under Rule 23(b)(3) is that choice of law

4    issues render this case unmanageable.  This argument, however, misses the mark.  "As a

5    federal court exercising supplemental jurisdiction over state law claims, we are bound to apply

6    the law of the forum state." *Bird v. Lewis & Clark College*, 303 F.3d 1015, 1023 (9th Cir.

7    2002), *cert. denied*, 538 U.S. 923 (2003).  Pursuant to that rule, this Court must apply

8    California law to Plaintiffs second cause of action.  Defendants fail to cite any authority for

9    their argument that a choice of law determination is required in this case, or that such

10   determination would or should result in the application of another state's law to Plaintiffs'

11   claims under California's Invasion of Privacy Act.

12        In sum, the Court finds Plaintiffs have demonstrated a class action is maintainable in

13   this case pursuant to Rule 23(b)(3).  The common issues of fact and law predominate over

14   questions affecting individual members of the class, and a class action is a superior method of

15   adjudicating the present controversy between the parties.[2]

16                                          **IV.**

17                                    **CONCLUSION**

18        For all the foregoing reasons, **IT IS HEREBY ORDERED**:

19   1.    Plaintiffs' Motion for Class Certification of Second Cause of Action is **GRANTED**;

20   2.    The following class is certified under Federal Rule of Civil Procedure 26(b)(3): All

21   consumers whose telephone conversations with Arrow collectors located in the State of

22   California Arrow has admittedly recorded on various dates between October 1, 2001 and the

23   present without the knowledge or consent of those consumers;

24   ///

25   ///

26   ///

27

28        [2] Because the Court finds Plaintiffs have satisfied their burden under Rule 23(b)(3), the Court
     does not address Plaintiffs' alternative argument under Rule 23(b)(1).

1    3.     The attorneys of record for the named class Plaintiffs are designated as counsel for the

2   class.

3   DATED: _____4.5.04_____                                       

                                              DANA M. SABRAW

4                                            United States District Judge

5   cc:     all parties

6         Judge Major

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28